UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVECA NOVAK,<br><br>      Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>      Defendant. | Civ. A. No. 23-2989 (TSC) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
<u>AND MEMORANDUM IN SUPPORT</u>**

**Table of Contents**

BACKGROUND .................................................................................................................... 1

LEGAL STANDARD........................................................................................................... 2

ARGUMENTS...................................................................................................................... 4

    I.    The Agency Properly Invoked FOIA Exemption 1 ................................................ 4

    II.    The Court Should Uphold the Agency's Withholdings Relying on Exemption 3.............. 7

    III.    The Agency Properly Withheld Material Under FOIA Exemption 6............................. 9

    IV.    The Agency Has Produced All Reasonably Segregable, Non-Exempt Material.......... 11

CONCLUSION................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*ACLU v. Dep't of Def.*,
  628 F.3d 612 (D.C. Cir. 2011) ............................................................................................... 4, 5

*Am. Immigr. Lawyers Ass'n v. Exec. Off. for Immigr. Rev.*,
  830 F.3d 667 (D.C. Cir. 2016) .................................................................................................. 10

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................................................................... 3

*Armstrong v. Exec. Off. of the President*,
  97 F.3d 575 (D.C. Cir. 1996) .................................................................................................... 11

*Bigwood v. U.S. Agency for Int'l Dev.*,
  484 F. Supp. 2d 68 (D.D.C. 2007) .............................................................................................. 2

*Canning v. Dep't of Just.*,
  567 F. Supp. 2d 104 (D.D.C. 2008) .......................................................................................... 11

*Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*,
  746 F.3d 1082 (D.C. Cir. 2014) .................................................................................................. 2

*CREW v. Dep't of Lab.*,
  478 F. Supp. 2d 77 (D.D.C. 2007) .............................................................................................. 3

*Dep't of Air Force v. Rose*,
  425 U.S. 352 (1976) ............................................................................................................. 2, 10

*Dep't of Just. v. Tax Analysts*,
  492 U.S. 136 (1989) ..................................................................................................................... 2

*Dep't of State v. Ray*,
  502 U.S. 164 (1991) ..................................................................................................................... 2

*Dep't of State v. Wash. Post Co.*,
  456 U.S. 595 (1982) ..................................................................................................................... 9

*DiBacco v. Army,*
  795 F.3d 178 (D.C. Cir. 2015) .................................................................................................... 7

*DiBacco v. Dep't of Army*,
  926 F.3d 827 (D.C. Cir. 2019) .................................................................................................... 8

*Emuwa v. Dep't of Homeland Sec.*,
    113 F.4th 1009 (D.C. Cir. 2024) ............................................................................................ 12

*Goland v. CIA*,
    607 F.2d 339 (D.C. Cir. 1978) .................................................................................................. 8

*Gov't Accountability Proj. v. Dep't of State*,
    699 F. Supp. 2d 97 (D.D.C. 2010) ............................................................................................ 9

*Hayden v. Nat'l Sec. Agency*,
    608 F.2d 1381 (D.C. Cir. 1979) ................................................................................................ 3

*Inst. for Energy Rsch. v. FERC*,
    Civ. A. No. 22-3419 (CKK), 2024 U.S. Dist. LEXIS 131312 (D.D.C. July 25, 2024) ............ 11

*Jud. Watch, Inc. v. FDA*,
    449 F.3d 141 (D.C. Cir. 2006) ................................................................................................ 10

*Jud. Watch, Inc. v. Dep't of Def.*,
    715 F.3d 937 (D.C. Cir. 2013) .................................................................................................. 4

*Krikorian v. Dep't of State*,
    984 F.2d 461 (D.C. Cir. 1993) .................................................................................................. 7

*Larson v. Dep't of State*,
    565 F.3d 857 (D.C. Cir. 2009) ......................................................................................... 3, 6, 7

*Leopold v. Dep't of Just.*,
    94 F.4th 33 (D.C. Cir. 2024) ................................................................................................... 11

*Lepelletier v. FDIC*,
    164 F.3d 37 (D.C. Cir. 1999) .................................................................................................... 9

*Long v. ICE*,
    279 F. Supp. 3d 226 (D.D.C. 2017) ........................................................................................ 10

*Loving v. Dep't of Def.*,
    550 F.3d 32 (D.C. Cir. 2008) .................................................................................................... 2

*Mead Data Ctr., Inc. v. Dep't of the Air Force*,
    566 F.2d 242 (D.C. Cir. 1977) ................................................................................................ 11

*Mil. Audit Proj. v. Casey*,
    656 F.2d 724 (D.C. Cir. 1981) .................................................................................................. 3

*Milton v. Dep't of Just.*,
    783 F. Supp. 2d 55 (D.D.C. 2011) .................................................................................. 9

*Morley v. CIA*,
    508 F.3d 1108 (D.C. Cir. 2007) ..................................................................................... 7

*N.Y. Times Co. v. NASA*,
    920 F.2d 1002 (D.C. Cir. 1990) ..................................................................................... 9

*Nat'l Cable Television Ass'n v. FCC*,
    479 F.2d 183 (D.C. Cir. 1973) ....................................................................................... 3

*Pinson v. Dep't of Just.*,
    Civ. A. No. 12-1872 (RC), 2016 WL 29245 (D.D.C. Jan. 4, 2016) ............................. 3

*Reep v. Dep't of Just.*,
    302 F. Supp. 3d 174 (D.D.C. 2018) ............................................................................... 7

*Scott v. Harris*,
    550 U.S. 372 (2007) ....................................................................................................... 3

*Sussman v. Marshals Serv.*,
    494 F.3d 1106 (D.C. Cir. 2007) ................................................................................... 11

*Weisberg v. Dep't of Just.*,
    627 F.2d 365 (D.C. Cir. 1980) ....................................................................................... 3

*Wildlife v. Border Patrol*,
    623 F. Supp. 2d 83 (D.D.C. 2009) ................................................................................. 2

*Wolf v. CIA*,
    473 F.3d 370 (D.C. Cir. 2007) ....................................................................................... 3

**Statutes**

5 U.S.C. § 552(a)(4)(B) ........................................................................................................ 3
5 U.S.C. § 552(b) ........................................................................................................... 11, 7
5 U.S.C. § 552(b)(3) ..................................................................................................... 7, 8, 5
5 U.S.C. § 552(b)(6) ................................................................................................... 9, 10, 6
50 U.S.C. § 3024 ................................................................................................................... 8
50 U.S.C. § 3024(i)(1) ................................................................................................. 7, 5, 6
50 U.S.C. § 3507 .............................................................................................................. 8, 5
75 Fed. Reg. 707 (Dec. 29, 2009) ........................................................................................ 4
Executive Order 13526 ................................................................................................ passim

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................................. 3
Federal Rule of Civil Procedure 56(b)...................................................................................... 1

Defendant the Central Intelligence Agency ("Agency" or "CIA") respectfully moves for summary judgment in its favor under Federal Rule of Civil Procedure ("Rule") 56. The Agency located records responsive to Plaintiff's Freedom of Information Act ("FOIA") request and, after careful review, released 261 pages of documents, with information withheld subject to FOIA Exemptions 1, 3, and 6. As demonstrated below, in the accompanying Statement of Material Facts Not in Genuine Dispute, in the Declaration of Mary C. Williams, and in the accompanying *Vaughn* index, there is no genuine issue of material fact as to Defendant's withholdings addressed in the supporting materials provided herewith. The Agency is entitled to judgment as a matter of law.

## BACKGROUND

### I. Plaintiff's FOIA Request

Plaintiff submitted the FOIA request at issue to the CIA on March 23, 2021, seeking "all documents in the personnel file of my mother, Dagmar Stapleton." Ex. 1, Declaration of Mary C. Williams ("Williams Decl.") ¶ 7. The Agency acknowledged receipt of Plaintiff's request on March 25, 2021. *Id.* ¶ 8. Plaintiff filed this suit on October 6, 2023. *Id.* ¶ 9; *see also* ECF No. 1.

### II. Records Release and Withholdings

The Agency's search, which Plaintiff has indicated she is not challenging, resulted in 293 documents. Williams Decl. ¶ 10. On January 8, 2024, the Agency made its first release of records, consisting of 83 documents released in full or in part, with certain information withheld pursuant to FOIA Exemptions 1, 3, and 6. *Id.* ¶ 11. The Agency also informed Plaintiff that other documents must be withheld in their entirety. *Id.* On January 18, 2024, the Agency made its second and final release of records, consisting of 178 documents released in full or in part, with certain information withheld pursuant to FOIA Exemptions 1, 3, and 6. *Id.* ¶ 12. The Agency also informed Plaintiff that other documents must be withheld in their entirety. *Id.* Exhibit A of the Williams Declaration

(the *Vaughn* Index) identifies the pages that the Agency redacted in part or withheld in full. The Agency withheld all or part of records pursuant to Exemptions 1, 3, and 6, summarized as follows:

- Exemption 1 – Classified as secret in the interest of national defense or foreign policy.
- Exemption 3 – Specifically exempted by other statutes.
    - The National Security Act
    - The Central Intelligence Agency Act
- Exemption 6 – Clearly unwarranted invasion of privacy
    - Information regarding Agency personnel, including officers' names, job titles, agency identification numbers, social security numbers, and signatures.

*See generally Vaughn* Index.

## LEGAL STANDARD

FOIA was enacted "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Accordingly, FOIA "directs that 'each agency, upon any request for records . . . shall make the records promptly available to any person' unless the requested records fall within one of the statute's nine exemptions." *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008) (quoting 5 U.S.C. § 552(a)(3)(a)). "The agency bears the burden of establishing that a claimed exemption applies[,]" *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014), and exemptions are "given a narrow compass[,]" *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 151 (1989).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defs. of Wildlife v. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007)). Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

To prevail on summary judgment, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements." *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980) (internal quotation marks omitted) (quoting *Nat'l Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)). A court "may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *CREW v. Dep't of Lab.*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Proj. v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). An agency's justification for withholding records "is sufficient if it appears 'logical' or 'plausible.'" *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Wolf v. CIA*, 473 F.3d 370, 375 (D.C. Cir. 2007)); *Pinson v. Dep't of Just.*, Civ. A. No. 12-1872 (RC), 2016 WL 29245, at *10 (D.D.C. Jan. 4, 2016). Review is *de novo*, 5 U.S.C. § 552(a)(4)(B), but a reviewing court should "respect the expertise of an agency" and not "overstep the proper limits of the judicial role in FOIA review[,]" *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1388 (D.C. Cir. 1979).

**ARGUMENTS**

**I.     The Agency Properly Invoked FOIA Exemption 1**

Pursuant to Exemption 1, agencies may withhold records "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy" and that "are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Executive Order 13526 currently governs the classification of government records. 75 Fed. Reg. 707 (Dec. 29, 2009). Section 1.1(a) of Executive Order 13526 provides that information may be originally classified only if: (1) an original classification authority is classifying the information; (2) the information is owned by, produced by or for, or is under the control of the U.S. Government; (3) the information falls within one or more of the categories of information listed in section 1.4 of Executive Order 13526; and (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, and the original classification authority is able to identify or describe the damage. Relevant here, information may be classified if it "pertains to" "intelligence activities . . . [,] sources or methods," *id*. § 1.4(c) or "foreign relations or foreign activities of the United States" *id*. § 1.4(d). As the D.C. Circuit has noted, "pertains is not a very demanding verb." *Jud. Watch, Inc. v. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) (internal quotation marks omitted). And "[b]ecause courts lack the expertise necessary to second-guess . . . agency opinions in the typical national security FOIA case, [they] must accord substantial weight to an agency's affidavit concerning the details of the classified status of . . . disputed record[s]." *ACLU v. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011) (internal quotation marks and citation omitted).

As a threshold matter, the Agency's declarant is an original classification authority and "determined that the information the CIA withheld pursuant to exemption (b)(1) in response to

4

Plaintiff's FOIA Request is currently and properly classified." Williams Decl. ¶ 18. Likewise, the documents are "owned by" and "under the control of the U.S. Government." *Id.*

The Agency withheld information pursuant to Exemption 1 under classification categories § l.4(c) and § 1.4(d) of Executive Order 13526 because the information concerns "intelligence activities [or] intelligence sources or methods" or "foreign relations or foreign activities of the United States." *Id.* Unauthorized disclosure of this information would foreseeably and reasonably be expected to result in damage or harm to U.S. national security. *Id.* In accordance with section l.7(a) of Executive Order 13526, "none of the information at issue has been classified in order to conceal violations of law, inefficiency or administrative error; prevent embarrassment to a person, organization or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security." *Id.* Moreover, the responsive documents that contain classified information are properly marked in accordance with section 1.6 of Executive Order 13526. *Id.*

The information withheld by the Agency pursuant to Exemption (b)(1) squarely concerns intelligence methods "that are either still actively in use or which remain viable for use today." *Id.* ¶ 19. The Agency "must guard against the disclosure of the clandestine methods it uses to collect and analyze intelligence." *Id.* "Intelligence methods are the techniques and means by which an intelligence agency accomplishes its mission," and includes how the Agency "trains officers to accomplish the mission, and the classified internal regulations, approvals, and authorities that govern the conduct of CIA personnel." *Id.* "Such intelligence sources and methods must be protected to prevent foreign adversaries, terrorist organizations, and others from learning about the ways in which the CIA operates, which would allow them to use countermeasures to undermine U.S. intelligence capabilities and render collection efforts ineffective." *Id.* To be sure, "clandestine

5

intelligence methods are only effective so long as they remain unknown and unsuspected." *Id.* If the techniques or sources that the Agency uses are disclosed, "their usefulness expires, and the CIA's ability to employ them in other operations is significantly degraded." *Id.* This type of information is "particularly valuable to the Agency's adversaries in their attempts to interfere with the CIA's intelligence operations and thus could reasonably be expected to damage national security." *Id.*

The information withheld by the Agency pursuant to Exemption (b)(1) also concerns intelligence activities. "Intelligence activities refer to the CIA's targets and operations, including the clandestine activities undertaken by the CIA to collect intelligence and the means used to collect that intelligence." *Id.* ¶ 20. Although it is widely acknowledged that the CIA is responsible for conducting intelligence collection and analysis for the United States, the Agency "generally does not disclose the targets of specific intelligence collection activities or the operations it conducts or supports because such disclosure would allow intelligence targets to circumvent the CIA's collection efforts, damaging the Agency's ability to carry out its intelligence mission." *Id.* Here, many of the records at issue contain information that would reveal specific intelligence targets and the locations of CIA activities. *Id.*

In sum, the disclosure of information the Agency redacted pursuant to Exemption (b)(1) could reasonably be expected to result in serious damage to U.S. national security. *Id.* ¶ 21. The Agency has satisfied its burden to show that the records are properly classified under Executive Order 13526, and that they are, therefore, properly withheld under FOIA Exemption 1. The declaration describes the record and the Agency's reasons for withholding information pursuant to Exemption 1, as well as the reasonably foreseeable harm that would ensue if the withheld material were released. *See Larson*, 565 F.3d at 862. The CIA's explanations as to why the records

are classified are both "logical" and "plausible," and uncontroverted by evidence in the record. *Id.* (internal quotation marks omitted). Accordingly, the Agency has met its burden with respect to the information it withheld pursuant to Exemption 1.

II. **The Court Should Uphold the Agency's Withholdings Relying on Exemption 3**

FOIA Exemption 3 exempts from disclosure records when they are:

> specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue; or (A)(ii) establishes particular criteria from withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the Open FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. § 552(b)(3); *Reep v. Dep't of Just.*, 302 F. Supp. 3d 174, 183 (D.D.C. 2018), *aff'd*, No. 18-5132, 2018 WL 6721099 (D.C. Cir. Dec. 18, 2018). Thus, the sole issue for decision "is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Morley v. CIA,* 508 F.3d 1108, 1126 (D.C. Cir. 2007).

1. **National Security Act**

The Agency asserted Exemption 3 to protect information regarding intelligence sources and methods pursuant to the National Security Act of 1947, § 102A(i), as amended by the Intelligence Reform and Terrorism Prevention Act of 2004 (collectively, the "National Security Act"). The D.C. Circuit repeatedly has held that the National Security Act "is a valid Exemption 3 statute." *DiBacco v. Army,* 795 F.3d 178, 183 (D.C. Cir. 2015); *see also Krikorian v. Dep't of State*, 984 F.2d 461, 465 (D.C. Cir. 1993).

The National Security Act requires the Director of National Intelligence to protect "intelligence sources and methods" from "unauthorized disclosure," 50 U.S.C. § 3024(i)(1). Under the direction of the Director of National Intelligence pursuant to section 102A, and consistent with section 1.6(d) of Executive Order 12333, the Director of the CIA is authorized to protect Agency sources and methods from unauthorized disclosure. *See* Williams Decl. ¶ 23. As thoroughly

explained in Section I, the Agency properly withheld information that would reveal intelligence methods.

Under Exemption 3, agencies are not required to identify and describe the harm to the national security that reasonably could be expected to result if the information were disclosed. Williams Decl. ¶ 24. In conjunction with the National Security Act, Exemption 3 applies co-extensively to all the information the CIA protected under Exemption 1 because the information relates to specific intelligence sources and methods. *Id.* Accordingly, because the Agency's declarant determined that the information withheld by the Agency under Exemption 3 constitutes intelligence activities, sources, and methods, it was properly withheld under Exemption 3 pursuant to 50 U.S.C. § 3024.

2.  **Central Intelligence Agency Act**

Section 6 of the Central Intelligence Agency Act ("CIA Act") provides that the CIA shall be exempt from the provisions of any law which require the publication or disclosure of "the organization or functions of the Agency, or of the names, official titles, salaries, or numbers of personnel employed by the CIA." 50 U.S.C. § 3507. The CIA Act therefore constitutes a federal statute that "establishes particular criteria for withholding or refers to particular matters to be withheld." 5 U.S.C. § 552(b)(3). *See Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978) (holding that the CIA Act "'refer[s] to particular types of matters to be withheld' namely, information respecting intelligence sources and methods"); *DiBacco v. Dep't of Army*, 926 F.3d 827, 835-36 (D.C. Cir. 2019) (holding that "the CIA Act's text does not expressly restrict its scope to personnel currently employed by the agency" nor "does [the CIA Act] cover only 'personnel records[;]' [r]ather, it protects from disclosure certain information relating to personnel, wherever that information may be found").

In this case, the Agency withheld personally identifying information of CIA personnel, such as officers' names, job titles, identification numbers, signatures, and other identifying information and "information concerning CIA components that reveals Agency organization and functions." Williams Decl. ¶ 25. This is precisely the type of identifying information that the CIA Act protects against disclosure. As noted above, no harm rationale is required to justify a withholding under Exemption 3. Williams Decl. ¶ 24. Because the withheld information falls under Exemption 3, the Agency properly withheld it.

### III. The Agency Properly Withheld Material Under FOIA Exemption 6

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is broadly construed and includes "[g]overnment records on an individual which can be identified as applying to that individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."); *Gov't Accountability Proj. v. Dep't of State*, 699 F. Supp. 2d 97, 105-06 (D.D.C. 2010) (finding that because email addresses can be identified as applying to particular individuals, they qualify as "similar files" under Exemption 6). Indeed, "[t]he information in the file 'need not be intimate' for the file to satisfy the standard, and the threshold for determining whether information applies to a particular individual is minimal." *Milton v. Dep't of Just.*, 783 F. Supp. 2d 55, 58 (D.D.C. 2011) (quoting *N.Y. Times Co. v. NASA*, 920 F.2d 1002, 1006 (D.C. Cir. 1990)).

Courts generally follow a two-step process when considering withholdings or redactions pursuant to Exemption 6. First, the Court determines whether the records are the type of personnel,

medical, or similar files that the exemption covers. *Long v. ICE*, 279 F. Supp. 3d 226, 243 (D.D.C. 2017) (citing *Am. Immigr. Lawyers Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 673 (D.C. Cir. 2016)). Second, if the records are of the type covered by the exemption, the Court proceeds to determine whether their disclosure "would constitute a clearly unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(6); *see also Dep't of Air Force v. Rose*, 425 U.S. 352, 382 (1976).

The Agency withheld personally identifying "information regarding CIA personnel, including officers' names, job titles, agency identification numbers, social security numbers, and signatures." Williams Decl. ¶ 28. The privacy interest in this information is particularly strong because release would subject the individuals, or their family members, to a risk of intimidation, harassment, embarrassment, or unwanted contact. *Id.* Foreign intelligence services or other hostile groups continually gather details regarding the CIA's intelligence activities and attempt to use this information to their advantage. *Id.* To that end, the release of identifying information would create a risk that adversaries could target individuals associated with the Agency and expose them to threats or attempted coercion. *Id.* The affected individuals have a compelling privacy interest in this information, and it is the type covered by Exemption 6. *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 153 (D.C. Cir. 2006).

By contrast, there is no countervailing public interest in disclosure of this information. Williams Decl. ¶ 28. Revealing the identities of these specific individuals, or information that would allow them to be identified, will not shed light on the conduct of the CIA's activities or the Agency's performance of its statutory duties. *Id.* The core purpose of FOIA – the public interest – would not be served by releasing this personal information, and any such release would constitute an unwarranted invasion of personal privacy.

Moreover, the release of this information would cause reasonably foreseeable harm by creating the above-described risks of intimidation, harassment, embarrassment, unwanted contact, threats and coercion. *See Inst. for Energy Rsch. v. FERC*, Civ. A. No. 22-3419 (CKK), 2024 U.S. Dist. LEXIS 131312, *24 (D.D.C. July 25, 2024) (upholding withholding under Exemption 6, and concluding that agency's "explanation that employees would be subject to annoyance, threats, embarrassment is sufficient to satisfy the foreseeability requirement" (citation omitted)). Accordingly, Defendant has demonstrated that it properly withheld the officers' names, job titles, agency identification numbers, social security numbers, and signatures.

## IV.     The Agency Has Produced All Reasonably Segregable, Non-Exempt Material.

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Ctr., Inc. v. Dep't of the Air Force,* 566 F.2d 242, 260 (D.C. Cir. 1977). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). An agency, however, also "must specifically and thoughtfully" consider whether otherwise exempt information can be released without foreseeable harm to the interests protected by the particular exemption*. Leopold v. Dep't of Just.*, 94 F.4th 33, 37-38 (D.C. Cir. 2024). Nonetheless, an attestation "that 'no further

11

segregation' [i]s possible without disclosing such [exempt] information" suffices to establish an agency's fulfillment of its duty to segregate non-exempt material and to establish foreseeable harm. *Emuwa v. Dep't of Homeland Sec.*, 113 F.4th 1009, 1017 (D.C. Cir. 2024) (citing 5 U.S.C. § 552(a)(8)(A)(ii)).

Here, the Agency's declarant explains that the Agency "conducted a line-by-line review of each document and released all reasonably segregable, non-exempt information." Williams Decl. ¶ 30. In instances where no segregable, non-exempt portions of a document could be released without potentially compromising classified information or other information protected under the FOIA, the entire document was withheld from Plaintiff in full. *Id.* The Agency's declarant reviewed the records at issue and determined that no additional information can be released without jeopardizing classified and/or other protected information that falls within the scope of one or more FOIA exemptions. *Id.* In the case of information that is not protected by statute, there would be foreseeable harm in releasing any information that has been withheld. *Id.* The Agency has released all reasonably segregable information and has met its burden of establishing that all reasonably segregable, non-exempt information has been disclosed.

## CONCLUSION

For the reasons discussed above, the Agency respectfully requests that the Court grant summary judgment in Defendant's favor. A proposed order is submitted with this Motion.

Dated: April 22, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　EDWARD R. MARTIN, JR., D.C. Bar #481866
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　By:　　　　*/s/ Kaitlin K. Eckrote*
　　　　　　　　　　　　　　　　　　　　　　　KAITLIN K. ECKROTE
　　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 1670899
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　　601 D Street, NW

Washington, DC 20530
202-252-2485

*Attorneys for the United States of America*

13